IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Myrtle J. Gessner <br> _Debtor_ | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC d/b/a <br> CHAMPION MORTGAGE COMPANY <br> _Movant_ <br> vs. | NO. 17-10769 MDC |
| Myrtle J. Gessner <br> _Debtor_ <br><br> William C. Miller, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,445.58,** which breaks down as follows;

Tax Disbursements for 2018 & 2019:  $2,414.58
Fees & Costs Relating to Motion:  $1,031.00
**Total Post-Petition Arrears        $3,445.58**

2. The Debtor(s) shall cure said arrearages in the following manner;

    a) The fees and costs of $1,031.00 are deemed recoverable and added to the unpaid balance of the loan.

    b) Beginning on April 1, 2020 and continuing through March 1, 2021 until the remaining arrearages are cured, Debtor(s) shall pay an installment payment of **$201.21 from April 2020 to February 2021 and $201.27 for March 2021** towards the arrearages on or before the last day of each month at the address below:

    Champion Mortgage Company
    P.O. Box 619093
    Dallas, TX. 75261

    c) Ongoing, Debtor shall be responsible for maintaining and paying all real property taxes and hazard insurance on the property as required by the Note and Mortgage, and upon

request, providing secured hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured creditor identified as a loss payee.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments or proofs under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 5, 2020                              By: /s/ Rebecca A. Solarz, Esquire
                                                   Attorney for Movant


Date: March 7, 2020                                _____
                                                   Michael A. Cataldo, Esquire
                                                   Attorney for Debtor

                                                   X Myrtle J. Gessner
                                                   Myrtle Gessner

Date: 3/17/2020

William C. Miller, Esquire
Chapter 13 Trustee

**NO OBJECTION**

Approved by the Court this 19th day of March, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge